IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-CV-727-RJC-DCK

| | |
|---|---|
| SHAQUIDA MCCONNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SCHAEFER SYSTEMS INTERNATIONAL, ) | |
| INC., and ELITE RESOURCES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Consent Protective Order" (Document No. 25) filed February 24, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

The parties contend that written discovery requests served by the parties upon each other will likely request the production of documents and other information that is confidential in nature due to the fact that the documents, correspondence, and communications may contain proprietary and confidential business information developed by the parties in connection with the operation of their respective businesses or the investigation of Plaintiff's claims, confidential information concerning Plaintiff's employment (i.e., social security numbers, account information and the like), and other confidential personal information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and

It further appears that the parties may serve each other or third parties with deposition notices, subpoenas for the production of documents, or subpoenas for third parties to give

deposition testimony that may request the production of documents and other information that is confidential in nature due to the fact that the documents, correspondence, communications, and information requested contain proprietary and confidential business information developed by the parties or third parties in connection with the operation of their businesses within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and

It further appears to the Court that justice requires that the parties and potentially third parties be protected in connection with the disclosure of the requested documents, correspondence, communications, and related information. **IT IS, THEREFORE, ORDERED** pursuant to Federal Rule of Civil Procedure 26(c) that:

1. All access, review, use or disclosure in preparation for, during, or subsequent to the resolution of this action by trial or otherwise of any correspondence, documents, data or other information or materials claimed by any parties or third parties to be of a confidential nature shall be governed solely by the terms of this Order, unless the confidential nature of the information is challenged, and it is ultimately determined by the Court that such information is not confidential.

2. "Confidential Information" means all information or data, regardless of the form of the media in which it is provided, that is stamped, labeled or otherwise marked specifically as confidential. Confidential Information also includes information that is provided orally or visually if it is identified as being confidential when disclosed and if it is in a writing so marked and delivered to the receiving party within ten (10) days following disclosure.

3. Except as expressly permitted below, counsel of record for each party shall keep all said documents and information confidential from all persons.

4. Except with prior written consent of a party's counsel, or by order of the Court, the documents (including the information contained therein) shall not be disclosed to any person other than:

(a) Counsel for the respective parties or third parties in this action and their respective associates, clerks, legal assistants, stenographic personnel, and firms engaged by counsel to provide litigation support services and the employees of such firms;

(b) Such other persons as hereafter may be designated by written stipulation of all parties filed in this action or by further order of the Court on motion by any party to this action;

(c) Any party who is a natural person, or any officer, director, or manager of any corporate party; provided, however, that by execution of this Consent Protective Order by counsel, all parties, and their officers, directors, or managers agree to be bound by the terms of this Order;

(d) Outside consultants or experts retained by a party or counsel to a party to actively assist counsel in the preparation and trial of this litigation and who is or are not currently employed as a full time employee of any party to this action, or such other persons as may hereafter be qualified to receive Confidential Information pursuant to any written agreement between the parties to this action, or pursuant to any order of the Court;

(e) Any mediator selected by the parties to mediate this action; and

(f) The Court and its clerks and officers, and the jury at the trial of this action.

5. No person to whom Confidential Information is disclosed shall disclose such Confidential Information to any person to whom disclosure is not authorized by the terms described in paragraph 4 (a) through (f) above, and only then for the purposes and under the

conditions specified in said subparagraphs and in no event shall such person make any other use of the documents or information contained therein, commercial or otherwise.

6. The documents, and the information contained therein, shall not be used or in any way communicated to anyone for any purpose whatsoever other than for the purposes of this action and as specified in this Order. Counsel for a party whose Confidential Information is sought or being disclosed in a deposition may exclude from the room during the deposition any person (other than the witness testifying) who is not entitled under this Order to receive Confidential Information.

7. Copies or duplicates of materials marked as Confidential Information are considered Confidential Information, and such copies are subject to the terms of this Protective Order.

8. The Confidential Information shall not be copied or reproduced (in whole or in part) except as is required for this proceeding. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of this litigation.

9. Any portion of any deposition, including attached exhibits or other discovery which pertains to the Confidential Information shall be treated by the parties according to the terms of this Order.

10. Production of documents by any of the parties is not an automatic waiver by that party of any objection as to the relevancy, materiality, or admissibility of the Confidential Information furnished under this Protective Order.

11. If the disclosing party inadvertently fails to properly identify or mark as "Confidential" materials for which it desires Confidential Information treatment, it shall so inform the receiving party in writing within ten (10) days of such discovery, and the receiving party shall

thereupon return the unmarked materials and all copies thereof and the disclosing party shall provide properly marked information. The receiving party's obligations under this Protective Order in connection with Confidential Information shall commence upon notice from the disclosing party of the failure to properly mark or identify the information.

12. When any party sends or receives documents in connection with this action that are not designated as Confidential Information the party shall refrain from releasing the documents to anyone not a signatory to this Protective Order, until the end of the second working day following receipt of the documents by all parties. This practice permits the parties to identify documents that should have been marked protected before the documents are disclosed to individuals not covered by the Protective Order. The provisions of this section shall not apply to or govern the use of such Confidential Information necessary in connection with the preparation for or conduct of a deposition, trial or hearing in this action that has been scheduled to commence or continue prior to the expiration of the two day waiting period.

13. The obligations of this Protective Order shall not apply to any information or documents that are designated as Confidential Information but as to which the receiving party can demonstrate:

(a) is or becomes available to the public through no breach of this Protective Order;

(b) was previously known by the receiving party without any obligation to hold it in confidence;

(c) is received by the receiving party from a third party without any obligation to hold it in confidence;

(d) is independently developed by the receiving party without the use of the Confidential Information;

(e) is approved for release by written authorization of the disclosing party, but only to the extent of such authorization; or

(f) is disclosed in response to a valid order of a court of competent jurisdiction or governmental body, but only to the extent of and for the purposes of such order, and only if the receiving party first notifies the disclosing party of the order within forty-eight (48) hours of notice of such order and permits the disclosing party to seek an appropriate protective order.

14. Nothing in the foregoing provisions of this Order shall be deemed to preclude the parties from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as the parties may consider appropriate in this, or any future, proceeding between the parties hereto.

15. The terms of this Protective Order shall not terminate at the conclusion of this action.

16. All individuals who agree to be bound by this Order submit to the jurisdiction of this Court with respect to the resolution of any dispute arising from or relating to this Order and acknowledge that any decision, in law or in equity, issued by this Court arising from or relating to this Order is fully enforceable and binding in any jurisdiction in the United States, or abroad.

17. **SO ORDERED**.

Signed: February 25, 2022

David C. Keesler
United States Magistrate Judge

**Consented to by:**

/s/ Michael C. Harman (*w/ permission*)
Michael C. Harman (N.C. Bar No. 43802)
HARMAN LAW, PLLC
16507 Northcross Dr., Ste B
Huntersville, North Carolina 28078
Telephone: (704) 885-5550
Facsimile: (704) 885-5551
michael@harmlawnc.com
*Attorney for Plaintiff Shaquida McConnell*

/s/ Charles E. Johnson (w/ permission)
Charles E. Johnson (N.C. Bar No. 9890)
Preetha Suresh Rini (N.C. Bar No. 51022)
Bradshaw & Hinson, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
cejohnson@robinsonbradshaw.com
prini@robinsonbradshaw.com
*Attorneys for Defendant Schaefer Systems International, Inc.*

/s/ Jon P. Carroll
Jon P. Carroll (N.C. Bar No. 33850)
JAMES, McELROY & DIEHL, P.A.
101 North Tryon Street, Suite 700
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 350-9317
jcarroll@jmdlaw.com
*Attorney for Defendant Elite Resources, Inc.*